**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IGOR BELEGRADEK and : | |
| BELLA BELEGRADEK, : | |
| : | |
| Plaintiffs, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:07-CV-0589-RWS |
| : | |
| ALBERTO GONZALES, : | |
| Attorney General, et al, : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

This case comes before the Court on Defendants' Motion to Dismiss [8]. The Court has reviewed the entire record and now enters the following Order.

**Background**

This is an action for mandamus relief. Plaintiffs Igor and Bella Belegradek are Russian citizens who came to the United States as a part of the Alien Worker program. On February 25, 2005, along with filing a Form I-140 Petition for Alien Worker, each Plaintiff filed a Form I-485 Application to Adjust Status to become a permanent United States resident. On July 5, 2005,

Plaintiffs were fingerprinted, and on July 13, 2006, Plaintiffs were interviewed by the United States Citizenship and Immigration Service ("USCIS") regarding their applications to adjust status. Plaintiffs were fingerprinted again on November 18, 2006.

On March 13, 2007, over two years after Plaintiffs filed their applications to adjust status, Plaintiffs initiated this action seeking to compel Defendants to adjudicate those applications. In lieu of filing an answer, Defendants moved to dismiss this action, contending that this Court is without subject matter jurisdiction to entertain Plaintiffs' claims and that Plaintiffs have failed to state a claim. The Court now takes up that Motion.

## Discussion

### I. Motion to Dismiss Standard

When considering a motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Thus, a complaint may not be dismissed "'unless it appears beyond

2

AO 72A
(Rev.8/82)

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## II.  Defendants' Motion to Dismiss

Defendants move to dismiss this action, arguing that this Court lacks subject matter jurisdiction to order the Attorney General to act upon Plaintiffs' applications to adjust status.  Defendants argue that Sections 242 and 245 of the Immigration and Nationality Act ("INA"), see 8 U.S.C. §§ 1252(a), 1252(a)(2)(B)(ii), and Section 5 of the Administrative Procedure Act ("APA"), see 5 U.S.C. § 701(a)(2), preclude a district court from issuing mandamus relief because the determination of when to act upon an application for adjustment of status is within the exclusive discretion of the Attorney General.  Defendants also argue that Plaintiffs have failed to state a claim under Rule 12(b)(6) because they have not demonstrated entitlement to mandamus relief.  For the reasons that follow, the Court denies Defendants' Motion.

### A.  Subject-Matter Jurisdiction

The APA requires federal administrative agencies to address matters

3

presented to them within a reasonable time.  5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it . . . ."). The APA further states that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ." 5 U.S.C. § 706(1).  There is a "strong presumption in favor of judicial review of administrative action." I.N.S. v. St. Cyr, 533 U.S. 289, 298, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001); see also Zafar v. U.S. Attorney General, 461 F.3d 1357, 1361-62 (11th Cir. 2006).

Congress, however, has passed legislation stripping the federal courts of jurisdiction over certain immigration matters.  Under Section 242 of the INA, a district court may not review a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum] relief."  8 U.S.C. § 1252(a)(2)(B)(ii).  Section 245 of the INA specifically authorizes the Attorney General, within his discretion, to decide whether to grant or deny applications

4

of adjustment of status. See 8 U.S.C. § 1255(a).[1] Therefore, because the Attorney General's authority to decide applications to adjust status is statutorily specified as within the Attorney General's discretion, the jurisdiction-stripping provision contained in 8 U.S.C. § 1252(a)(2)(B)(ii) divests federal courts of jurisdiction to review such a decision. See Arias v. U.S. Attorney General, 482 F.3d 1281, 1284 (11th Cir. 2007).

Defendants contend that this jurisdiction-stripping provision—which, as stated, forecloses judicial review of the final *decision* to grant or deny an application of adjustment of status—also extends to divest federal courts of jurisdiction to review questions concerning *when* or *if* the Attorney General *is*

---

[1] Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), authorizes the Attorney General to adjust the residency status of aliens who have been admitted into the United States. It provides:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Id.

*required* to render a decision on an application of adjustment of status. Defendants find support for their position in Grinberg v. Swacina, 478 F. Supp. 2d 1350, 1355 (S.D. Fla. 2007), and Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006). Both Grinberg and Safadi held that Sections 242 and 245 of the Immigration and Nationality Act precluded subject-matter jurisdiction over such an action because the "pace at which immigration decisions are made" is a matter within the discretion of the Attorney General and thus not subject to judicial review. Grinberg, 478 F. Supp. 3d at 1352; see also Safadi, 466 F. Supp. 2d at 699.

Plaintiffs, however, respond that the APA, 5 U.S.C. § 555(b), imposes a non-discretionary duty on the Attorney General to act upon an application of adjustment of status, and to do so within a "reasonable time." Id. ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it . . . ."). Because the APA requires federal courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), Plaintiffs contend that a refusal to act or an unreasonable delay in adjudicating an application for adjustment of status is subject to judicial review.

6

The weight of the authorities supports Plaintiffs' position.  See <u>Linville v. Barrows</u>, 489 F. Supp. 2d 1278, 1282 (W.D. Okla. 2007) (noting that "the majority of court decisions make clear that immigration officials have a nondiscretionary duty to act on an application, and that such action must be taken within a reasonable time"); <u>Duan v. Zamberry</u>, No. 06-1351, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007) ("The weight of authority, however, supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application; that duty supports a mandamus action."); <u>Razaq v. Poulos</u>, No. 06-2461-WDB, 2007 WL 61884, at *3 (N.D. Cal. Jan. 8, 2007) ("We find that the USCIS has a mandatory duty to *decide* whether to grant or deny I-130 Petitions. . . . While the substance of the decision whether to grant or deny a petition obviously is discretionary, the duty to process the application is just as obviously ministerial."); <u>Haidari v. Frazier</u>, No. 06-3215, 2006 WL 3544922, at *4 (D. Minn. Dec. 8, 2006) ("Because Plaintiffs have neither been denied nor granted relief, § 242 does not bar jurisdiction."); <u>Singh v. Still</u>, 470 F. Supp. 2d 1064 (N.D. Cal. 2006) (same); <u>Elkhatib v. Butler</u>, No. 04-22407, 2005 WL 5226742, at *1-2 (S.D. Fla. Jun. 7, 2005) (same); <u>Yu v. Brown</u>, 36 F. Supp. 2d 922, 931 (D. N.M. 1999) (same).

In Singh, in addition to invoking the APA's mandate that agencies address matters presented to them within a reasonable time, 5 U.S.C. § 555(b), the court reasoned that the procedural mandates of 8 C.F.R. § 209.2(f)[2] and 8 C.F.R. § 245.2(a)(5),[3] which require the Attorney General to provide notice and

---

[2] 8 C.F.R. § 209.2(f), which concerns an application of adjustment of status on the basis of asylum, provides:

> The applicant shall be notified of the decision, and if the application is denied, of the reasons for denial. No appeal shall lie from the denial of an application by the director but such denial will be without prejudice to the alien's right to renew the application in proceedings under part 240 of this chapter. If the application is approved, the director shall record the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application, but not earlier than the date of the approval for asylum in the case of an applicant approved under paragraph (a)(2) of this section.

Id.

[3] 8 C.F.R. § 245.2(a)(5), which concerns an application of adjustment of status on the basis of non-asylum grounds, provides:

> The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial. . . . If the application is approved, the applicant's permanent residence shall be recorded as of the date of the order approving the adjustment of status. An application for adjustment of status, as a preference alien, shall not be approved until an immigrant visa number has been allocated by the Department of State, except when the applicant has established eligibility for the benefits of Public Law 101-238 . . . .

Id.

the reasons for a denial of an application for adjustment of status, indicate that the Attorney General's duty to adjudicate such an application is non-discretionary.  470 F. Supp. 2d at 1067 n.6.  Moreover, the Eleventh Circuit has held that the eligibility standards contained in 8 U.S.C. § 1255(a) limit the Attorney General's discretion to categorically deny certain classes of individuals consideration for a status change, further suggesting the non-discretionary nature of the Attorney General's duty to adjudicate.  See Scheerer v. U.S. Attorney General, 445 F.3d 1311, 1322 ("By its language, then, § 1255 plainly contemplates that [certain classes of individuals] may apply for adjustment of status, though the Attorney General need not grant it.").

This Court agrees that the Section 245 of the INA imposes a non-discretionary duty on the Attorney General to adjudicate an application for adjustment of status.  E.g., Singh, 470 F. Supp. 2d at 1067.  Because that statute does not contain a specific time requirement, the APA, 5 U.S.C. § 555(b), requires that the Attorney General act upon an application of adjustment of status within a "reasonable time" and "[w]ith due regard for the convenience and necessity of the parties."  Id.; Singh, 470 F. Supp. 2d at 1067.

9

The Court also agrees with the majority of courts addressing the issue that it is vested with jurisdiction under 28 U.S.C. § 1331 and the APA to entertain an action alleging excessive delay in the processing of an application for adjustment of status, notwithstanding the jurisdiction-stripping provision of the INA.  Section 242 precludes review of discretionary decisions of the Attorney General "in *only* the specific circumstances where the [authority for a] 'decision or action of the Attorney General . . . is *specified under this subchapter* to be in the discretion of the Attorney General . . . . " Zafar, 461 F.3d at 1361 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)) (emphasis in original). Thus, to avoid judicial review, the Attorney General must rely on an explicit, "Congressionally-defined, discretionary *statutory* power . . . articulated within sections 1151 through 1378" of Title 8—and not an administrative or other implied discretionary power.  Id. (holding that federal court had jurisdiction to review IJ's decision denying motion to continue removal decision because authority to grant continuance was not specified in relevant subchapter of United States Code, but rather stemmed from federal regulations).

Here, Defendants have not pointed to any authority specified in 8 U.S.C. §§ 1151-1378 which grants the Attorney General discretion to refuse to process

10

or unreasonably delay the processing of an application to adjust status.  See Singh, 470 F. Supp. 2d at 1067 ("[T]here is a difference between the INS's discretion over *how* to resolve an application and the INS's discretion over *whether* it resolves an application.") (emphasis in original).  Because inaction on a motion for application of adjustment of status is not a statutorily-prescribed discretionary act, as enumerated in § 1252(a)(2)(B)(ii), the Court has jurisdiction to review it.[4]  Duan, 2007 WL 626116, at *2 ("Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the [INA].").

Accordingly, the Court concludes that it has subject-matter jurisdiction over the instant action.  Insofar as Defendants' move to dismiss the action on that basis, their Motion is **DENIED**.

---

[4] The Court's conclusion is bolstered by the plain language of § 1252(a)(2)(B)(ii).  As the cases supporting jurisdiction recognize, the failure to act upon an application for adjustment of status within a reasonable time is not a "decision or action," and thus is not immunized from judicial review.  8 U.S.C. § 1252(a)(2)(B)(ii); see also Duan, 2007 WL 626116, at *3 (noting that to interpret the term "action" to encompass the pace at which an application was processed "would render toothless all timing restraints, including those imposed by the APA," because none would be actionable under 8 U.S.C. § 1252(a)(2)(B)(ii)).

11

B.   Rule 12(b)(6)

In their second ground for dismissal, Defendants contend that Plaintiffs cannot demonstrate that a delay of approximately two years in adjudicating an application for a change in status is unreasonable under the APA. "[T]here is no bright line rule as to when a delay on an application slips into the realm of unreasonableness." Linville, 489 F. Supp. 2d at 1282 (quoting Elmalky v. Upchurch, No. 3:06-CV-2359-B, 2007 WL 944330, at *6 (N.D. Tex. Mar. 28, 2007)). In determining whether the Attorney General unreasonably delayed in adjudicating an application to adjust immigration status, courts have applied a rule of reason, considering: (1) the source of the delay, (2) the complexity of the investigation, (3) whether any party participated in delaying the proceeding, (4) the nature and extent of the interests prejudiced by the delay, and (5) whether expediting action on agency activities will have an adverse affect on higher or competing priorities. See Linville, 489 F. Supp. 3d at 1282-83; Razaq, 2007 WL 61884, at *6; Bartolini v. Ashcroft, 226 F. Supp. 2d 350, 354 (D. Conn. 2002).

At the current stage of the litigation, no evidence has yet been presented concerning the reasons for the two-year delay of the processing of Plaintiffs'

12

application or the prejudice suffered by either party as a result of that delay. Absent such evidence, the Court cannot determine as a matter of law whether the Defendants' delay in adjudicating Plaintiffs' applications is unreasonable. Accordingly, insofar as Defendants' move to dismiss on the basis of failure to state a claim, their Motion is **DENIED**.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [8] is **DENIED**.

**SO ORDERED** this   18th   day of October, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE